UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No: 05 CR 254 |
| | ) | |
| AMIR HOSSEINI | ) | Judge John W. Darrah |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant, Amir Hosseini, was charged in a criminal complaint with participating in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). Specifically, the complaint alleges Defendant engaged in the following criminal predicate acts: (1) money laundering, in violation of 18 U.S.C. § 1956; (2) monetary transaction in criminally deprived property, in violation of 18 U.S.C. § 1957; (3) mail fraud, in violation of 18 U.S.C. § 1341; and (4) bank fraud, in violation of 18 U.S.C. § 1344. After a detention hearing before Magistrate Judge Arlander Keys, Defendant was ordered detained in a seven-page order authored by the Government. Subsequently, Judge Keys issued a twenty-three page opinion upon a motion for reconsideration, in which Defendant was permitted to be released on bail provided that: (1) Defendant posts a $1,000,000.00 bond secured by three properties owned by other people; (2) Defendant is confined to his home under electronic monitoring; (3) Defendant, his wife, and children all surrender their passports and agree not to obtain any other passports; and (4) Defendant's wife serves as his third-party custodian.

The Government now seeks review of this decision in the motion presently before the Court, the Government's Emergency Motion to Stay and Revoke the Magistrate Court's Order Releasing Amir Hosseini. Under 18 U.S.C. § 3142(g), a court must consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may, upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

The Government must prove by a preponderance of the evidence "that no set of conditions will reasonably assure" Defendant's presence. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985). (The crimes charged do not impose a rebuttable presumption of detention per 18 U.S.C. § 3142(e)). While a district court may review a magistrate's decision by holding a new evidentiary hearing, a district court may also review the record before the magistrate in making a detention determination. *See United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991).

Upon review of the record before Judge Keys, the conditions imposed on Defendant will reasonably assure Defendant's presence. The first factor weighs in favor of detaining Defendant, as the charged offense could result in imprisonment of over twenty years. However, this factor is mitigated because the complaint does not include a narcotics or violent offense. Defendant's release, therefore, would not pose a danger to the community and weighs in favor of release.

The third factor also weighs in favor of release. Defendant has substantial ties to the community, as his wife and children reside here; and Defendant retains some assets in the community. Defendant has also resided in the country for more than twenty-five years and has been a citizen for almost ten years. Defendant has no criminal history, has never attempted to evade law enforcement, holds no false identification, and has returned from trips abroad knowing that he was under investigation. Defendant suffers from diabetes, which makes confinement more difficult. Defendant's counsel has also contacted the Pakistani embassy, the only embassy which could provide Defendant an Iranian passport, to insure Defendant is not issued a new Iranian passport.

The Government contends that Defendant's ties to Iran, such as his dual citizenship with Iran and frequent trips abroad, weigh in favor of detainment. However, as explained in Judge Key's opinion, the United States Department of State recognizes that citizens with dual Iranian nationality should keep their Iranian passport to guarantee travel between Iran and the United States. Furthermore, the extent of Defendant's travel to Iran, approximately two times a year, is consistent with persons visiting relatives there.

The Government raises three additional points which merit little consideration: (1) Defendant's name indicates he is a prominent citizen; (2) his uncle, who now is a United States citizen, was formerly an Iranian ambassador to Mexico; and (3) Defendant was found with pro-ayatollah materials in 1980.

On balance, the Government has not proven by a preponderance of the evidence that no set of conditions will reasonably assure Defendant's presence. The conditions imposed by Judge Keys are sufficient to ensure Defendant will not attempt to flee. Therefore, the Government's Emergency Motion to Stay and Revoke the Magistrate Court's Order Releasing Amir Hosseini is denied.

Dated: June 29 2005

JOHN W. DARRAH
United States District Judge