IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America,        )
                                 )
            Plaintiff,           )
                                 )
      v.                         )    No. 05 CR 254
                                 )
Amir Hosseini,                   )
                                 )
            Defendant(s).        )

Memorandum Order

Amir Hosseini ("Hosseini") has moved under 18 U.S.C. § 3504 ("Section 3504") for the disclosure of any National Security Agency ("NSA") wiretaps of his telephone. In response the government has cited a number of cases from other circuits that have upheld the denial of any governmental obligation to respond to like motions in the absence of a plaintiff's identification of specific inadmissible evidence that would trigger a colorable claim that such surveillance had in fact occurred. But even though most (though not all) of those cases post-dated 1984, they were decided at a time when George Orwell's novel bearing that title was still regarded as fanciful rather than prescient.

Regrettably that is no longer the case. It has only very recently become known that surreptitious NSA surveillance has been conducted in total secrecy. It is frankly unreasonable to expect a movant defendant to have knowledge of facts sufficient to satisfy the other circuits' caselaw dating back to a more innocent era. Although government counsel seeks to distinguish

such Seventh Circuit cases as <u>United States v. DeMonte</u>, 667 F.2d 590, 595 (7th Cir. 1981)(per curiam) and <u>In Re Grand Jury Proceedings of August 1984</u>, 757 F.2d 108, 114 (7th Cir. 1985), which have spoken of requiring a governmental denial of electronic surveillance even "where the movant's claim lacked any evidentiary basis" (<u>Grand Jury Proceedings</u>, 757 F.2d at 114), to require any such evidentiary showing in the present circumstances would call to mind Joseph Heller's <u>Catch 22</u> as well as the Orwell novel (which might well have replaced its <u>1984</u> title by plagiarizing one of H.G. Wells' titles: <u>The Shape of Things To Come</u>)

    In sum, Hosseini's motion for disclosure is granted. If the government's answer (which is ordered to be provided on or before October 16, 2006) proves to be a denial of any such surveillance in conformity with the <u>DeMonte</u> and <u>Grand Jury Proceedings</u> opinions, the prosecutor's affidavit will also be required to disclose what efforts he or she has made to ascertain the existence or nonexistence of such electronic surveillance.

                                                _____
                                                Milton I. Shadur
                                                Senior United States District Judge

Date: October 4, 2006