IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 CR 254 |
| | ) | |
| AMIR HOSSEINI and | ) | |
| HOSSEIN OBAEI, | ) | |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

As everyone involved in this case had expected, the selection of the jury to serve in the anticipated lengthy trial of this two-defendant, 100-count indictment, scheduled to begin on January 22, occupied the bulk of the day on January 18, the date that had been set aside for that purpose. Immediately after the jury had been impaneled and sworn, so that jeopardy had attached, counsel for defendant Amir Hosseini ("Hosseini") submitted a previously-prepared motion to dismiss Count Twelve of the indictment.

That motion came many months after the time specified in the motion schedule that had originally been set by this Court and had previously been adhered to by the litigants. Moreover, the current motion is at odds with the basic principle of Fed. R. Crim. P. ("Rule") 12(b)(3)(B) that any "motion alleging a defect in the indictment" is among the motions that "must be raised before trial." But Hosseini's counsel seeks to advance the motion under the exception that follows as part of the same rule:

> but at any time while the case is pending, the court
> may hear a claim that the indictment...fails to invoke
> the court's jurisdiction or to state an offense.

On January 19 this Court devoted several hours to arguments and rulings on a number of late-filed motions by the litigants, during which it reserved ruling on the Count Twelve motion pending further consideration. Before that proceeding the prosecutor had prepared and submitted a written response to the Hosseini motion. It began by pointing to Rule 12(b)(3) and to the caselaw (citing <u>United States v. George</u>, 403 F.3d 470, 471 (7th Cir. 2005)) that vests a district court with the <u>discretion</u> to hear such a late-filed claim ("the court <u>may</u> hear" such a claim). In that response the prosecutor charges defense counsel with sandbagging, for there is really little doubt that the defect in Count Twelve--a matter of careless draftmanship--could have been cured by the resubmission to the grand jury of a properly-framed replacement if the motion had been tendered earlier.

Even though this Court holds no particular brief for such tactical maneuvering, that does not call for it to exercise in an irresponsible manner such discretion as it does possess under <u>George</u> and the earlier cases cited in that opinion. This opinion turns, then, to an analysis of the flaw that has been targeted by Hosseini's counsel.

Count Twelve charges a violation of 18 U.S.C. §§1956(a)(2)(B)(I) and (ii). It does track the statute by

2

charging the transportation, transmittal or transfer of monetary instruments or funds from a place within this country to or through foreign lands, and it also parallels the statute by charging a design "to conceal or disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity" or "to avoid transaction reporting requirements under State and Federal law." But where Count Twelve diverges from the statute is that the latter requires knowledge "that such transportation, transmission, or transfer" had the prohibited design, while Count Twelve instead (and inexplicably) is stated in terms of knowledge that "the monetary instruments and funds" themselves had the prohibited design.

There is thus no question that Count Twelve does not properly charge each of the elements of an offense under the statute. Although its reference to "specified unlawful activity" might perhaps be treated as inferentially filling the gap created by another omission from Count Twelve--the lack of an express statement that knowledge is required that the monetary instrument or funds "represent the proceeds of some form of unlawful activity"--that cannot be said of the absence of the substantive requirement that the transportation, transmission or transfer of the monetary instruments or funds--and not those instruments or funds themselves--was or were designed to accomplish either or both of the illegal purposes specified in the statute. Whatever the reason for the drafter's error in not tracking the statutory

3

requirements,[1] any charge that speaks in the language of Count Twelve is simply not the equivalent of a charge that tracks the statutory requirement.

To look forward to the need for submission of the Count Twelve charge for jury consideration, it would of course be improper for the jury instructions simply to echo the erroneous statement in the indictment. And if instead the jury instructions were to be framed properly, that would be equally improper, for it would effectively amount to amending the indictment.

Black letter law teaches that such an amendment would run afoul of the Fifth Amendment, which requires the grand jury and not the trial judge to frame criminal charges. Stirone v. United States, 361 U.S. 212, 215-19 (1960) is the seminal decision in that respect, and it and its many progeny consistently teach that neither a prosecutor's proof at trial nor a judge's jury instructions can validly amend an indictment--only the grand jury has that power. In our Circuit the most extensive exposition of the operative principles is that authored by the late Judge Hubert Will, sitting by designation with our Court of Appeals in United States v. Leichtnam, 948 F.2d 370, 375-81 (7th Cir. 1991).

---

[1] Government Mem. 2 speaks of the defect as "a grammatical error," and Government Mem. 3 speaks of a "grammatical misstep." Those euphemisms cannot carry the day by transmuting the indictment's language into the language that should have been used.

4

And of course the time-honored principles set out in Stirone and Leichtnam have not changed in the intervening decade and a half since the latter case was decided--see, e.g., United States v. Murphy, 406 F.3d 857, 860-61 (7th Cir. 2005), which has reconfirmed the identical principle, although the conviction there was upheld on different grounds.

Accordingly the motion to dismiss Count Twelve is granted. Trial in this case will go forward on the remaining counts in the indictment.

In that respect, even though defense counsel's motion has not also targeted Count Three of the indictment, its Subparagraph 5(d) mirrors the language in Count Twelve and is thus equally flawed. That defect does not of course taint Count Three in its entirety, for that count properly charges a violation of 18 U.S.C. §1956(h) even with the offending Subparagraph 5(d) stricken (as this Court also orders). But government and defense counsel are expected to confer with reasonable promptness as to what further bowdlerization of the other language of Count Three will also be needed to create a version of the indictment appropriate and proper for delivery to the jury for its use in deliberating at the end of the trial.

*[signature]*
Milton I. Shadur
Senior United States District Judge

Date: January 22, 2007