UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 05 CR 254-1 |
| | ) | |
| AMIR HOSSEINI | ) | Judge Milton I. Shadur |

**PROTECTIVE ORDER DIRECTING THE INTERLOCUTORY SALE
OF REAL PROPERTY COMMONLY KNOWN AS
4700-4710 W. NORTH AVENUE, CHICAGO, ILLINOIS**

This matter coming before the Court on the government's motion for entry of a protective order directing the interlocutory sale of certain real property, pursuant to the provisions of Title 18, United States Code, Sections 1963(d)(1)(A), and the Court being fully advised finds as follows:

(a) On January 21, 2005, a grand jury returned a superseding indictment charging defendant Amir Hosseini ("Hosseini") and Hossein Obaei, with, *inter alia*, violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(d);

(b) The superseding indictment seeks forfeiture to the United States of specific property pursuant to the provisions of 18 U.S.C. § 1963. In particular, the superseding indictment alleges that as a result of his violation of 18 U.S.C. § 1962(d), defendant Hosseini:

(1) Acquired and maintained interests in violation of section 1962;

(2) Has an interest in; security of; claim against; or property or contractual right of any kind affording a source of influence over; any enterprise which a person has established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962; and

(3) Has property constituting or derived from any proceeds which a person obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of section 1962;

and which are subject to forfeiture to the United States pursuant to 18 U.S.C. § 1963(a)(1) - (3).

(c) Specifically, Forfeiture Allegation One of the superseding indictment seeks forfeiture of at least $10,000,000 as well as other property owned by defendant Hosseini;

(d) Beginning on January 23, 2007, a jury trial was held before this Court.

(e) On February 26, 2007, the jury returned a verdict of guilty against defendant HOSSEINI to all counts of the superseding indictment, including the RICO offenses, thereby making certain property subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 1963(a)(1), (2), and (3);

(f) Defendant HOSSEINI waived his rights to have the forfeiture allegations in the superseding indictment considered by the jury and agreed to have the Court resolve all issues regarding the forfeiture allegations in the superseding indictment;

(g) Defendant HOSSEINI is currently scheduled to be sentenced on July 11, 2007. All matters relating to the forfeiture allegations are currently pending with this Court;

(h) As detailed in the superseding indictment, pursuant to the provisions of 18 U.S.C. § 1963(m), to the extent that the properties named in the superseding indictment do not satisfy any forfeiture judgment that may be entered by this Court, the United States has the authority to forfeit substitute assets to satisfy the forfeiture money judgment. Further, should assets become available to satisfy the forfeiture judgment, the United States shall file a motion for substitution of assets before this Court requesting permission to seize such assets and publish notice of the United States' intent to forfeit the property in satisfaction of the forfeiture money judgment according to law;

(i) The government submits that the following real property is available as a substitute asset:

    1. 4700-4710 West North Avenue, Chicago, Illinois ("North Avenue"), described legally as follows:

        PARCEL 1: LOTS 29 AND 30 IN O'BRIEN'S SUBDIVISION OF SOUTH 423 ½ FEET OF BLOCK 17 OF O'BRIEN'S SUBDIVISION OF THE WEST ½ OF THE SOUTHWEST 1/4 OF SECTION 34, TOWNSHIP 40 NORTH, CORNER AND EXCEPT RAILROAD), IN COOK COUNTY ILLINOIS.

        PIN: 13-34-316-031-000.

        PARCEL 2: LOTS 27 AND 28 IN O'BRIEN'S SUBDIVISION OF SOUTH 423 ½ FEET OF BLOCK 17 OF O'BRIEN'S SUBDIVISION OF THE WEST ½ OF THE SOUTHWEST 1/4 OF SECTION 34, TOWNSHIP 40 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN (EXCEPT THE 5 ACRES IN THE SOUTHEAST CORNER AND EXCEPT RAILROAD) IN COOK COUNTY, ILLINOIS.

        PIN: 13-34-316-032-0000.

(j) To preserve its interest in the North Avenue property, the United States recorded *lis pendens* notices with the Cook County Recorder of Deeds;

(k) The current title owner, defendant HOSSEINI, has entered into a real estate sales contract to sell the North Avenue real property;

(l) In order to preserve the availability of the proceeds from the sale of the North Avenue property, the government requests that the proceeds from the sale of the North Avenue property, representing the interest of defendant HOSSEINI, be held in escrow by the United States Marshals Service, pending further order of the Court;

3

(m) The United States seeks action by this Court to preserve the status quo and secure itself, so that upon entry of a forfeiture judgment, the United States will be able to apply the proceeds of the North Avenue property to the judgment of forfeiture.

(n) Pursuant to Title 18, United States Code, Section 1963(d)(1)(A), this Court has jurisdiction to enter orders or to take other action to preserve and to protect property to insure that the property or any equity in the property will be available for forfeiture. Section 1963(d)(1)(A), provides:

> Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection for forfeiture . . . upon the filing of an indictment or information charging a violation of section 1962 of this chapter and alleging that the property with respect to which the order is sought would, in the event of conviction be subject to forfeiture under this section.

18 U.S.C. § 1963(d)(1)(A);

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED:

1. That the government's motion for entry of a protective order, pursuant to the provisions of Title 18, United States Code, Section 1963(d)(1)(A), is granted. It is further ordered,

2. That, the following real property shall be sold pursuant to the current sales contract and that the proceeds from the sale of the North Avenue property, after payment of certain verifiable costs, shall be retained in an escrow account maintained by the United States Marshal, pending further order of this Court:

    a. 4700-4710 West North Avenue, Chicago, Illinois ("North Avenue"), described legally as follows:

        PARCEL 1: LOTS 29 AND 30 IN O'BRIEN'S SUBDIVISION OF SOUTH 423 ½ FEET OF BLOCK 17 OF O'BRIEN'S

4

SUBDIVISION OF THE WEST ½ OF THE SOUTHWEST 1/4 OF SECTION 34, TOWNSHIP 40 NORTH, CORNER AND EXCEPT RAILROAD), IN COOK COUNTY ILLINOIS.

PIN: 13-34-316-031-000.

PARCEL 2: LOTS 27 AND 28 IN O'BRIEN'S SUBDIVISION OF SOUTH 423 ½ FEET OF BLOCK 17 OF O'BRIEN'S SUBDIVISION OF THE WEST ½ OF THE SOUTHWEST 1/4 OF SECTION 34, TOWNSHIP 40 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN (EXCEPT THE 5 ACRES IN THE SOUTHEAST CORNER AND EXCEPT RAILROAD) IN COOK COUNTY, ILLINOIS.

PIN: 13-34-316-032-0000.

It is further ordered,

3. That, the title company responsible for the closing of the North Avenue property shall issue a cashier's check made payable to the United States Marshals Seized Assets Management Account, representing the proceeds from the sale of the North Avenue property, to the United States. Said funds shall be deposited into an escrow account held by the United States Marshals Service. Upon receipt of the funds, the United States shall release the *lis pendens* notices on the North Avenue property and the title company is directed to record the release of *lis pendens* notices once the net proceeds from the sale of the property have been disbursed to the United States Marshals Service. It is further ordered,

4. This court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this protective order authorizing the sale of the above-identified real property.

_____
MILTON I. SHADUR
United States District Judge

DATED: July 3, 2007

5