UNITED STATES OF AMERICA,           )
                                    )
                 Plaintiff,         )
                                    )
     v.                             )     No.  05 CR 254
                                    )
AMIR HOSSEINI,                      )
                                    )
                 Defendant.         )

MEMORANDUM ORDER

Amir Hosseini ("Hosseini"), convicted on multiple criminal charges sounding in racketeering, money laundering, bank fraud and structuring, has filed a motion seeking the release of lis pendens notices placed by the United States against parcels of real estate owned by Hosseini and not directly implicated in his conviction.  That action has been taken by the government primarily in an effort to protect its interest in the possible reversal on appeal of this Court's ruling denying the multimillion dollar forfeiture that the government had sought.

In principal part, if not entirely, Hosseini's motion urges that the government does not have the right to shield "substitute property" against impairment by a lis pendens notice.  Although the government's Response challenges the "substitute asset" label, thereby distinguishing Hosseini's attempted reliance on United States v. Parrett, 530 F.3d 422 (6th Cir. 2008) in those terms, this Court need not enter that debate to decide Hosseini's

motion.[1]

To begin with, in this instance Hosseini is wrong in stating (Motion ¶14, quoting and adopting the position taken in an earlier motion by Mrs. Hosseini seeking removal of lis pendens notices on other properties in which she <u>does</u> appear to have an interest):

> [T]he Government wrongfully recorded the <u>lis</u> <u>pendens</u> notices before any action was commenced that could potentially affect an interest in real property, thus invalidating the <u>lis</u> <u>pendens</u> notices.

To the contrary, as Government Response 2 states, citing to authority conferred under 735 ILCS 5/1-1901:

> In fact, the government had filed a complaint against Hosseini on March 21, 2005. With the Chief Judge's <u>ex</u> <u>parte</u> approval, it started recording <u>lis</u> <u>pendens</u> notices on March 22, 2005.

But even more importantly, there is no reason that the lis pendens notices in this case should throw a damper on the possible disposition of any of the parcels of real estate in question if Hosseini were to seek to obtain one or more buyers. This situation is very different from that presented by a lis pendens notice that is based on the pendency of a claim or lawsuit that casts a cloud on title to real estate, potentially

---

[1] It may also be added (really parenthetically) that although Hosseini's wife has joined in his motion, Government Response 1 n.1 correctly states that she has no ownership interest in the parcels of real estate that are the subject of the motion, so that she is really without standing in the matter. That lack of standing, however, has no substantive effect on the disposition of Hosseini's own motion.

affecting its marketability by creating uncertainty in the mind of any prospective purchaser. Instead the notices here do not limit Hosseini's ability to seek purchasers, nor do they chill the interest of any prospective purchaser.

It takes only a moment's thought to recognize that sharp distinction--one created by the fact that the government is not now attempting to stand in the way of a sale, but is rather seeking to protect its asserted claim on the <u>proceeds</u> of a sale if one were to take place. To that end the lis pendens notices simply assure that <u>if</u> any property is sold to a bona fide purchaser, something that can plainly be done free and clear of governmental intervention, the <u>proceeds</u> of the freely-arrived-at sale can then become the subject of proceedings before this Court to assure the protection of the interests of each party--Hosseini as well as the government.[2]

Accordingly Hosseini's motion is denied. All the challenged lis pendens notices will remain in place.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 20, 2008

_____

[2] Because that prospect is only a contingency at this point, it would not be in order for this Court to try to anticipate the legal situation that might exist at the time of a future sale--a circumstance that would surely impact on the type of relief that might be appropriate for either litigant at that time.