UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 05 CR 254 |
| ) | |
| ) | Judge Milton I. Shadur |
| AMIR HOSSEINI ) | |
| HOSSEIN OBAEI, and ) | |
| ROY BAMBOUYANI ) | |

## PROTECTIVE ORDER DIRECTING
## THE INTERLOCUTORY SALE OF PROPERTY

This cause comes before the Court on motion of the United States for entry of a protective order directing the interlocutory sale of certain property pursuant to the provisions of Title 18, United States Code, Section 1963(d)(1)(A) and Title 21, United States Code, Sections 853(e)(1) and (g), as incorporated by Title 28, United States Code, Section 2461(c), and the Court being fully informed hereby finds as follows:

On October 11, 2007, this Court entered preliminary orders of forfeiture forfeiting any interest defendants HOSSEINI and OBAEI have in the following properties pursuant to 18 U.S.C. § 1963(a)(1) and (a)(2):

1. All stock and ownership interest in Amer Leasing Sales, American Car Exchange and SHO Auto Credit;

2. All ownership interest in the real property commonly known as 3350-56 W. North Avenue Chicago, Illinois, described legally as follows:

   PARCEL 1: THE WEST ½ OF LOT 27 AND ALL OF LOTS 28 AND 29 IN DELAMATER'S RESUBDIVISION OF BLOCK 22 OF E. SIMON'S SUBDIVISION OF THE SOUTHEAST 1/4 OF SECTION 35, TOWNSHIP 40 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

   PARCEL 2: LOT 30 IN DELAMATER'S RESUBDIVISON OF BLOCK 22 OF E. SIMONS SUBDIVISION OF THE SOUTHEAST 1/4 OF SECTION 35,

TOWNSHIP 40 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

PARCEL 3: LOTS 31 AND 32 IN BLOCK 22 IN DELAMATER'S RESUBDIVISON OF BLOCK 2 IN E AST SIMON'S SUBDIVISION OF THE SOUTHEAST 1/4 OF SECTION 35, TOWNSHIP 40 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

PINS: 13-35-421-033; 13-35-421-034; and 13-35-421-035.

3. All ownership interest in the real property commonly known as 3434 W. North Avenue Chicago, Illinois, described legally as follows:
LOT 32 IN JAMESON'S SUBDIVISION OF BLOCK 21 IN SIMONS' SUBDIVISION OF SOUTHEAST 1/4 OF SECTION 35, TOWNSHIP 40 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

PIN: 13-35-420-031.

4. Real property located at 3803-3809 W. North Avenue, Chicago, Illinois, legally described as follows[1]:

LOT 2, 3, AND 4 IN BLOCK 11 IN HOSMER AND MACKAY'S SUBDIVISION OF BLOCKS 1 TO 6 IN INCLUSIVE AND 12 TO 16 INCLUSIVE AND 12 TO 16 INCLUSIVE IN FREER'S SUBDIVISION OF THE WEST HALF OF THE NORTHWEST QUARTER OF SECTION 2, TOWNSHIP 39 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

PINS: 16-02-103-005-0000 and 16-02-103-006-0000.

Pursuant to 18 U.S.C. § 1963(d)(1)(A) and 21 U.S.C. § 853(e)(1) and (g), as incorporated by 28 U.S.C. § 2461(c), this Court has jurisdiction to enter orders or to take other action to preserve and to protect property to insure that the property or any equity in the property will be available for forfeiture. Title 18, United States Code, Section 1963(d)(1)(A) and Title 21, United States Code, Section 853(e)(1), provide in pertinent part:

---

[1] This property was identified in the Preliminary Order of Forfeiture of October 11, 2007, as 3803 W. North Avenue; however, the property encompasses the properties known as 3803-3809 W. North Avenue, PINS 16-02-103-005 and 006, with the identical legal description reflected in the Preliminary Order of Forfeiture entered by this Court.

> Upon application of the United States, the Court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section -
>
>> (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section.

Title 21, United States Code, Section 853(g), provides in pertinent part:

> Upon entry of an order of forfeiture under this section, the court shall authorize the Attorney General to seize all property ordered forfeited upon such terms and conditions as the court shall deem proper. Following entry of an order declaring the property forfeited, the court, may upon application of the United States, enter such appropriate restraining orders or injunctions, require the execution of satisfactory performance bonds, appoint receivers, conservators, appraisers, accountants, or trustees, or take any other action to protect the interest of the United States in the property ordered forfeit.

The government's request for an interlocutory sale is necessary to preserve the availability of the equity in the subject real properties. Failure to take the proposed action, in all probability, will result in further economic harm to the value of the subject real properties and jeopardize the availability of any equity in the real properties for forfeiture to the United States.

I. **Claims History**

On December 13, 2007, Vida Bambouyani filed a Petition to Determine her Interest in, and to Declare Her a Bona Fide Purchaser of, Real Property Subject to Forfeiture, Commonly Known as 3803-3809 West North Avenue, Chicago, Illinois. (Dkt. 463). Roy Bambouyani's 1/4 interest in the property previously has been forfeited in connection with his sentencing. (Dkt. 88)

On January 11, 2008, Tony Bahary filed a Third Party Petitioner's Petition to Assert Interest in Property, in which he asserted a claim to the real property located at 3350-56 W. North Avenue, Chicago, Illinois. (Dkt. 556). The government does not contest Bahary's claim to this property.

On January 14, 2008, Marzieh Hosseini a/k/a Marzieh Moravvej filed a petition for Hearing to Determine Legal Interest in Properties located at 3350-56 W. North Avenue, Chicago, Illinois, 3434 W. North Avenue, Chicago, Illinois, 3803-3809 W. North Avenue, Chicago, Illinois. (Dkt. 549). The government has contested Mrs. Hosseini's claim, and her interest in the properties which are the subject of the motion shall be adjudicated on a later date.

The taxes on the properties which are the subject of the government's motion recently have been paid or otherwise adjudicated with respect to 3350-56 W. North Avenue. If any taxes are due and owing on the properties at the time of sale, they shall be paid by the record owners at the closing, on a pro rata basis. In the meantime, the record owners have agreed to timely pay the taxes for which each owner is responsible.

## II.     3350-56 W. North Avenue

The United States has received an offer from NAI Hiffman, a commercial real estate service, to purchase certain property subject to forfeiture. Specifically, NAI Hiffman submitted an offer from Levco Company, LLC to purchase the property located at 3350-56 W. North Avenue, PINS: 13-35-421-033; 13-35-421-034; 13-35-421-035 for $850,000. Within thirty (30) days after the date this order is entered, the parties shall enter into an agreement for the properties' sale consistent with the aforesaid offer but subject to the following modifications:

4

A. The obligations of both parties to perform shall be subject to the Seventh Circuit Court of Appeals affirming the conviction of Amir Hosseini (No. 08-1879), and will follow the issuance of a mandate by that court;

B. The parties shall reappraise the value of the property located at 3350-56 W. North Avenue using the services of a self-contained appraisal performed by an MAI appraiser, when and if the Seventh Circuit Court of Appeals affirms the conviction of Amir Hosseini, and the price for said properties shall be based on said appraisal; and,

C. The time limits contained in the aforesaid offer shall not commence until and if the government wins the aforesaid appeal.

Upon receipt of the sale proceeds, the United States shall provide release of *lis pendens* notice to the title company responsible for the closing of the 3350-56 W. North Avenue property and that title company would be directed to record the release of *lis pendens* notice once the net proceeds from the sale of the property have been disbursed to the United States Marshal Service and retained in an escrow account pending further order of this Court. As explained *supra*, the United States would thereafter distribute proceeds to Tony Bahary, according to his ownership interest, and possibly to Marzieh Hosseini, depending on the outcome of the adjudication of her claim.

### III. 3434 W. North Avenue and 3803-3809 W. North Avenue

The United States also seeks entry of a protective order directing the sale of the properties located at 3434 W. North and 3803-3809 W. North Avenue. The record owner of title, Amir Hosseini, his claimant-spouse, Marzieh Hosseini, and Vida Bambouyani, wife of record title holder Roy Bambouyani, have no objection to the interlocutory sale of these properties.

The properties located at 3434 W. North Avenue and 3803-3809 W. North Avenue properties shall be sold by the United States Marshal Service. The United States Marshal shall sell the real properties through a real estate broker experienced and knowledgeable in the sale of similar property, with multiple listing capabilities, who shall be paid the usual and customary commissions and/or fees from the proceeds of the sale as negotiated by the United States Marshal Service. Upon satisfaction of all financial responsibilities, the net proceeds from the sale of the subject real properties shall be placed in an escrow account pending resolution of Amir Hosseini's appeal and the adjudication of Marzieh Hosseini's claim, except that Vida Bambouyani's 1/4 share of the proceeds from the sale of the property located at 3803-09 W. North Avenue shall be disbursed to her.

Accordingly, it is further hereby ORDERED, ADJUDGED and DECREED:

1. That, if the Seventh Circuit Court of Appeals affirms the conviction of Amir Hosseini (No. 08-1879), the government's motion for entry of a protective order directing the interlocutory sale of the following described real property to Levco Company, LLC, pursuant to the provisions of Title 21, United States Code, Section 853(e)(1) and (g), as incorporated by Title 28, United States Code, Section 2461(c), is granted, subject to the terms set forth in Section II, above:

3350-56 W. North Avenue Chicago, Illinois, described legally as follows:

> PARCEL 1: THE WEST ½ OF LOT 27 AND ALL OF LOTS 28 AND 29 IN DELAMATER'S RESUBDIVISION OF BLOCK 22 OF E. SIMON'S SUBDIVISION OF THE SOUTHEAST 1/4 OF SECTION 35, TOWNSHIP 40 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.
>
> PARCEL 2: LOT 30 IN DELAMATER'S RESUBDIVISON OF BLOCK 22 OF E. SIMONS SUBDIVISION OF THE SOUTHEAST 1/4 OF SECTION 35, TOWNSHIP 40 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.
>
> PARCEL 3: LOTS 31 AND 32 IN BLOCK 22 IN DELAMATER'S RESUBDIVISON OF BLOCK 2 IN E AST SIMON'S SUBDIVISION OF THE SOUTHEAST 1/4 OF SECTION 35, TOWNSHIP 40 NORTH, RANGE

13 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

PINS: 13-35-421-033; 13-35-421-034; and 13-35-421-035.

2. The government's motion for entry of a protective order directing the interlocutory sale of the following described real properties, pursuant to the provisions of Title 21, United States Code, Section 853(e)(1) and (g), as incorporated by Title 28, United States Code, Section 2461(c), is granted, and the United States Marshal's Service is directed to sell the following properties and place the resulting funds in escrow, pending the outcome of Amir Hosseini's appeal (No. 08-1879):

(a) 3434 W. North Avenue Chicago, Illinois, legally described as follows:

> LOT 32 IN JAMESON'S SUBDIVISION OF BLOCK 21 IN SIMONS' SUBDIVISION OF SOUTHEAST 1/4 OF SECTION 35, TOWNSHIP 40 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.
>
> PIN: 13-35-420-031.

(b) Real property located at 3803-3809 W. North Avenue, Chicago, Illinois, legally described as follows:

> LOT 2, 3, AND 4 IN BLOCK 11 IN HOSMER AND MACKAY'S SUBDIVISION OF BLOCKS 1 TO 6 IN INCLUSIVE AND 12 TO 16 INCLUSIVE AND 12 TO 16 INCLUSIVE IN FREER'S SUBDIVISION OF THE WEST HALF OF THE NORTHWEST QUARTER OF SECTION 2, TOWNSHIP 39 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.
>
> PINS: 16-02-103-005-0000 and 16-02-103-006-0000.

With respect to the sale of the property legally described in paragraph 2(b), the United States shall distribute 1/4 of the sale proceeds, minus her share of unpaid taxes (if any) to Vida Bambouyani. With respect to the sale of the property legally described in paragraph 1, the United States shall distribute 1/2 of the sale proceeds, minus his share of unpaid taxes (if any) to Tony Bahary.

3. Any mortgage(s) due and owing, including the principal balance(s) and interest due on the note(s) rate, shall be paid. Furthermore, any outstanding state, county, city or school taxes

due and owing shall be paid. Upon satisfaction of all financial responsibilities, the net proceeds from the sale of properties 2(a) and 2(b) (except as to Vida Bambouyani's share) shall be maintained in an escrow account pending resolution of the appeal in Case No. 08-1879.

4. Upon receipt of the sale proceeds, the United States shall provide release of *lis pendens* notices to the title company responsible for the closing of the subject real properties and that title company is directed to record the release of *lis pendens* notices once the net proceeds from the sale of the property have been disbursed to the United States retained in an escrow account. It is further ordered,

5. Amir Hosseini's Motion to Compel Plaintiff to Pay Outstanding Property Taxes on Forfeited Real Property (Dkt. 730) is denied.

6. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order

MILTON I. SHADUR
United States District Judge

DATED: *May 11, 2010*