IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
                   Plaintiff,    )
                                 )
     v.                          )    No. 05 CR 254
                                 )
AMIR HOSSEINI, et al.,           )
                                 )
                   Defendants.   )

                  MEMORANDUM OPINION AND ORDER

     Marzieh Hosseini ("Marzieh"), the wife of convicted defendant Amir Hosseini ("Amir"), has petitioned to obtain interests in three parcels of Chicago real estate (3350-56 West North Avenue, 3434 West North Avenue and 3803-09 West North Avenue) that have been the subject of forfeitures arising out of Amir's conviction. As directed by this Court, Marzieh has filed a May 3, 2010 supplement in support of her original petition and the United States has filed a May 28 response.

     That governmental response has provided a powerful rejection of Marzieh's claims, a rejection that this Court finds fully persuasive. This opinion will summarize generally the grounds for rejection--the details (chapter and verse) are set out in full in the United States' response, as are the references to the caselaw that completely supports the government's position, and those details and caselaw citations need not be repeated here.

     Most fundamentally, Marzieh seeks to bootstrap herself by advancing the totally false proposition that the reporting of

income from property on a joint federal income tax return somehow vests an ownership interest in a spouse who does not otherwise have such an interest.  But the ability of a married couple to file a joint tax return is simply a government-extended privilege of getting the benefit of more favorable tax rates--it has nothing to do with the ownership of property as determined under state law.

Thus if a husband or a wife owns 1,000 shares of IBM stock in his or her name and the couple files a joint tax return reporting the dividend income from that stock, the nonowner spouse acquires no ownership interest by virtue of the filing. Just so with the parcels of real estate that are the subject of Marzieh's petition.

According to that petition, the 3350-56 West North Avenue property was conveyed to Amir and Tony Bahary in December 1989, the 3434 West North Avenue property was conveyed to Amir in December 1996 and the 3803-09 West North Avenue parcel was conveyed to Amir and Roy Bambouyani in August 2003.  Marzieh makes no assertion that she provided any part of the consideration for Amir's acquisitions--she says nothing even hinting that as to the first two properties, and her only assertion as to the third is a kind of self-levitation once removed:  There she asserts that Amir had sold property at 3324-28 West North Avenue in September 2002 for $600,000 and had

2

realized a gain of $178,585 from that sale, with both the sale and the gain having been reflected on the Hosseini couple's joint tax return.

To put matters bluntly, so what? Again Marzieh makes no claim to have been a partial owner of the 3324-28 West North Avenue parcel, so that any use of the proceeds of sale toward the later acquisition of 3803-09 West North Avenue is irrelevant as a putative source of partial ownership of the latter property on Marzieh's part.

Thus Marzieh has proffered no showing that she provided consideration for any of those three acquisitions so as to support a determination of a property interest in any of them. It is worth noting, as the United States has pointed out (see its Resp. 7), that some parcels of real estate other than those at issue here did reflect conveyances to both spouses. Indeed, that fact actually bolsters by negative inference the implausibility of any assertion of a constructive trust or equitable interest in Marzieh's favor as to the now-disputed properties, for it demonstrates that the couple knew very well how to confirm their joint interest in a parcel of real estate when such was really the case.

In sum, Marzieh is batting .000 in her effort to latch onto any portion of the three properties that have been the subject of this opinion. But one further point should be dealt with in that

respect.  During the period of Amir's embroilment with the criminal justice system, Marzieh has advanced some funds toward the properties--one major example is the March 2, 2010 payment of $43,550.53 in back real estate taxes on the 3350-56 West North Avenue property.  Although she cannot use those advancements to bootstrap herself into any preexisting ownership interest (which did <u>not</u> exist), it will be necessary in the future to sort out such issues as her entitlement to reimbursement (if those contributed funds emanated from her own assets), rather than her being a mere volunteer not entitled to be made whole.

                                              */s/ Milton I. Shadur*
                                              Milton I. Shadur
                                              Senior United States District Judge

Date:  June 2, 2010